IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP MCFADDEN AND JOHN P. DEFRANZA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX INTERNET, LLC AND FENIX INTERNATIONAL LIMITED, <br><br> Defendants. | Case No. 1:23-CV-06151 <br><br> Honorable John F. Kness |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan.[1] *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I. **Nature of the Case**

   A. **Counsel of Record**

**Counsel for Plaintiffs**

Andrea R. Gold – Lead Trial Attorney
Shana Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue, NW,
Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
Email: skhader@tzlegal.com

Keith T. Vernon – Co-Lead Attorney
TIMONEY KNOX, LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

---

[1] This status report exceeds seven pages because the parties could not agree on certain statements and the parties dispute the amount and scope of jurisdictional discovery.

Andrew W. Knox
Chloe Mullen-Wilson
TIMONEY KNOX, LLP
400 Maryland Drive
Fort Washington, PA 19034
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: aknox@timoneyknox.com
Email: cmullen-wilson@timoneyknox.com

Troy M. Frederick
Beth A. Frederick
FREDERICK LAW GROUP PLLC
836 Philadelphia Street
Indiana, Pennsylvania 15701
Phone: (724) 801-8555
Fax: (724) 801-8358
Email: TMF@FrederickLG.com
Email: BAF@FrederickLG.com

David M. Ferris
Brian R. Charville
FERRIS & CHARVILLE, LLC
118 Turnpike Road, Suite 300
Southborough, MA 01772
Phone: (508) 281-5600
Facsimile: (508) 229-0356
Email: david@ferrisdevelopment.com
Email: bcharville@ferrisdevelopment.com

Jonathan Shub
SHUB LAW FIRM, LLC
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
Tel: (610) 453-6551
Email: jshub@shublawyers.com

**Counsel for Defendants**

Matthew L. Kutcher – Co-Lead Attorney
Jamie D. Robertson
Mariah A. Young
COOLEY LLP
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
mkutcher@cooley.com
jdrobertson@cooley.com
mayoung@cooley.com

Michelle Doolin – Co-Lead Attorney
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
Tel.: (858) 550-6000
mdoolin@cooley.com

Kyle C. Wong
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel.: (415) 693-2000
kwong@cooley.com

  **B.**  **Federal Jurisdiction and Venue**

    **1.**  **Jurisdiction**

This Court has subject matter jurisdiction over this action based on the parties' diversity of citizenship under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action involving more than one hundred (100) putative Class Members, the amount in controversy

exceeds $5 million dollars, exclusive of interests and costs, and at least one Class Member is a citizen of a different state than Defendants' state.

Defendants deny that this Court has personal jurisdiction over them and have filed a motion to dismiss for lack of personal jurisdiction, as well as under the doctrine of *forum non conveniens* pursuant to Defendants' assertion that an exclusive jurisdiction forum selection clause requires that Plaintiffs' claims be brought in the courts of England and Wales. *See* ECF No. 22.

Plaintiff Phillip McFadden ("McFadden") is a natural person and a citizen of the State of Illinois and is domiciled in DuPage County. Plaintiff John P. DeFranza ("DeFranza") is a natural person and a citizen of the State of New Jersey.

Defendant Fenix Internet, LLC ("Fenix Internet") is a Delaware registered limited liability corporation whose principal address is in Wilmington, Delaware.

Defendant Fenix International Limited ("FIL") is a Limited Company registered in England whose principal address is in London, United Kingdom.

2. **Venue**

Plaintiffs contend that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, as Plaintiff McFadden resides within this judicial district.

Defendants assert in their motion to dismiss under *forum non conveniens* or, in the alternative, under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), ECF No. 22, that venue is improper in this Court because, in the plain language of the contract – i.e., the ToS – they ask this Court to interpret and enforce, Plaintiffs agreed to an exclusive forum selection clause designating the courts of England and Wales as the exclusive forum to bring all claims arising out of OnlyFans's Terms of Service ("ToS") and Plaintiffs' use of OnlyFans. Defendants note that

3

Plaintiffs attached the ToS to their Complaint. (ECF No. 1, Ex. A.)

### C. Case Overview

#### 1. Plaintiffs' Position

Plaintiffs instituted this class action lawsuit against the operators of the website OnlyFans.com ("OnlyFans"). OnlyFans is a social media platform in which users ("Fans") pay to access content uploaded by content creators ("Creators"), including direct messages, videos, and photographs. Defendants market and represent OnlyFans as a unique platform on which Fans can purportedly establish "authentic relationships" with Creators. OnlyFans invites users to pay to subscribe to Creators' accounts and to access Creators' content, including purportedly directly messaging with Creators. OnlyFans retains 20% of the revenue that Fans pay to access Creators' content, and is currently a multi-billion dollar company.

Unbeknownst to Fans, many of the interactions that they pay to have on OnlyFans are not with the Creators at all. Plaintiffs assert that many of the highest-earning Creators engage third-party "chatters" to interact with Fans on the platform with OnlyFans' knowledge. OnlyFans thereby deceptively and fraudulently induces Fans into paying to interact with Creators, when OnlyFans knows that many Fans are *not* in fact interacting with Creators.

In sum, Plaintiffs contend that although OnlyFans outwardly sells authenticity, behind the curtains it aids its highest-earning Creators in defrauding users and amasses significant profits in doing so.

#### 2. Defendants' Position

Plaintiffs instituted this putative class action lawsuit against FIL, the operator of the website OnlyFans.com ("OnlyFans"). Plaintiffs also name Fenix Internet, which provides payment processing assistance to FIL, as a Defendant. Ignoring the express and contrary language in the

ToS, Plaintiffs allege that Defendants falsely promised that content creators ("Creators") would not engage third-parties to assist in the management of their accounts, including their interactions with Plaintiffs and other users ("Fans") who pay to access content uploaded by Creators.

Because Plaintiffs deliberately misread the contract to which they agreed, their allegations are false and fail to support any of their claims. As detailed in their pending motion to dismiss, ECF No. 22: (1) the ToS that form the basis of Plaintiffs' claims and that govern the relationship between Fans and FIL *allow* Creators to engage third parties to assist them in the management and operation of their accounts; (2) Defendants cannot be liable for the nature of the private communications between Creators and Plaintiffs, and (3) Plaintiffs were not and could not have been deceived or misled by any statement made by either Defendant.

### D. Claims Asserted in the Complaint

#### 1. Plaintiffs' Claims

Plaintiffs, individually and on behalf of all others similarly situated, allege that OnlyFans' conduct gives rise to the following causes of action: Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing; Unjust Enrichment, in the alternative; Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, both Deceptive Practices and Unfair Practices; Illinois Common Law Fraud; Violation of New Jersey Consumer Fraud Act; New Jersey Common Law Fraud, and, in the alternative, Negligent Misrepresentation.

#### 2. Defendants' Defenses

Defendants assert that Plaintiffs' claims fail under (1) the *forum non conveniens* doctrine; (2) Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction; (3) Section 230 of the Communications Decency Act; (4) the First Amendment of the United States Constitution; and (5) Rules 12(b)(6) and 9(b) for failure to state a claim. Defendants may also assert the following

non-exhaustive list of affirmative defenses: Plaintiffs' claims are barred by Section 230 of the Communications Decency Act, statute(s) of limitations, failure to mitigate damages, the doctrine of unclean hands, and laches. Defendants reserve the right to amend and/or supplement their affirmative defenses at the time they answer Plaintiffs' Complaint and any time thereafter as permitted under the Federal Rules of Civil Procedure and by this Court.

### E. Principal Factual Issues

#### 1. Plaintiffs' Position

The principal factual issues of the matter will focus on Defendants' misrepresentations and omissions to Plaintiffs and Class Members, including whether Defendants misrepresented, omitted, or concealed to Plaintiffs and Class Members that they were interacting directly with Content Creators on the OnlyFans website when in fact, third parties are actually sending communications to Fans posing as Creators. This includes Defendants' knowledge of these practices, whether Defendants help facilitate the practices, and resultant harm to Plaintiffs and Class Members as a result of these practices.

#### 2. Defendants' Position

The principal factual issues include whether Defendants made any enforceable representations to Plaintiffs and Class Members about whether Creators could use third parties to assist in the management and operation of their accounts, whether Defendants knew of and reasonably believed any such representations (if any were made), whether Plaintiffs justifiably relied on any such representations (if any were made), whether Defendants facilitated the allegedly fraudulent practices (or knew of and were contractually obligated to stop such practices), whether Plaintiffs and Class Members suffered any harm as a result of these practices, and whether Plaintiffs can show, as a factual matter, that this case should proceed as a class action.

6

### F. Principal Legal Issues

Plaintiffs assert that the principal legal issue will be whether Defendants' conduct as alleged in the Complaint was unlawful as to the above listed causes of action; the monetary and injunctive relief to which Plaintiffs are entitled; and whether this matter may proceed as a class action represented by Plaintiffs and class counsel.

Defendants assert that the principal legal issue is whether the Court will give each term of the ToS full effect including (1) the forum selection clause, (2) the choice of law clause, (3) the clause disclaiming any affirmative obligation for Defendants to monitor or moderate Creators' content in any way, (4) the clause limiting disputes arising from a Fan/Creator Transaction (as defined in the ToS) pursuant to the terms of the Fan/Creator standard contract, and (5) the clause specifically permitting Creators to use third parties to assist them in operating their OnlyFans accounts. Additional threshold legal issues include (1) whether this Court has personal jurisdiction over Defendants, (2) whether Section 230 of the Communications Decency Act bars Plaintiffs' claims, (3) whether the First Amendment to the United States Constitution bars Plaintiffs' claims, (4) whether Plaintiffs have failed to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b), (5) whether Plaintiffs are entitled to relief where the allegedly concealed information was known to them by virtue of their agreement to the OnlyFans Terms of Service, and (6) whether the proposed class can be certified under Federal Rule of Civil Procedure 23.

### G. Relief Sought

Plaintiffs seek certification of this action as a class action (including a nationwide class, as well as Illinois and New Jersey subclasses), and are seeking monetary damages allowed by law (including statutory, compensatory, consequential, and/or punitive damages, and/or restitution), appropriate injunctive relief, and an award of appropriate attorney fees and costs.

Defendants dispute that (1) Plaintiffs can meet the requirements for proceeding as a class action, (2) Plaintiffs and counsel are appropriate representatives of the purported class, and (3) Plaintiffs or any putative class is entitled to any relief.

        H.      **Service:** All Defendants have been served.

II.      **Case Scheduling and Discovery**

        A.      **Proposed Discovery Schedule**

            1.      **Jurisdictional Discovery**

Defendants filed a motion to dismiss on December 18, 2023. *See* ECF Nos. 21-22. The Parties are conferring regarding limited jurisdictional discovery relevant to any jurisdictional argument made within in Defendants' motion to dismiss and will bring any disputes to the Court's attention if necessary. Plaintiffs' Opposition to Defendants' motion is due on March 18, 2024, and Defendants' Reply is due forty-five days after Plaintiffs' file their opposition. *See* ECF No. 10.

                a.      **Plaintiffs Position**

Plaintiffs have reasonably requested, for each Defendant, 15 interrogatories, 15 requests for admission, 25 requests for production of documents, and a depositions of each declarant that Defendants rely on in their Motion, and a Rule 30(b)(6) deposition of each Defendant.[2] As of the date of this filing, while Defendants have agreed to limited jurisdictional discovery, Defendants have not agreed to Plaintiffs' specific numerical proposals. If the Parties have not agreed to the amount of jurisdictional discovery by the January 4, 2024, Court conference, Plaintiffs would like to raise this issue with the Court at that time.

---

[2] Plaintiffs reserve their right to seek additional depositions, if necessary, based on documents and/or information produced in jurisdictional discovery.

Plaintiffs assert that the limited amount of jurisdictional discovery that they propose is reasonable and necessary in light of Defendants' bid to dismiss their Complaint in its entirety based on *forum non conveniens*. Defendants dedicate a significant portion of their 30 page Motion to their argument that proceeding in this Court would be inconvenient and improper as to both corporations. Defendants' arguments are largely founded on the factual assertions of two declarants who make lengthy claims in a 22 and 5 page declarations about, *inter alia*, Defendants' business operations in and outside of the United States as well as detailed factual and legal contentions regarding English law. Although these assertions are entirely outside of the four corners of the Complaint, should the Court choose to consider them in deciding the Motion, Plaintiffs are entitled to test these factual claims via targeted written discovery and depositions. Without such thorough, but limited, discovery, Plaintiffs will be forced to litigate this potentially case-dispositive Motion with one arm tied behind their backs and contend that the amount of jurisdictional discovery that they propose is reasonable and warranted.

      **b.**    **Defendants' Position**

Plaintiffs' assertion that Defendants have "agreed to limited jurisdictional discovery" with the only remaining issue being Plaintiffs' numerical proposals is inaccurate. Instead, Defendants have committed to cooperating with Plaintiffs to reach agreement as to the scope of limited jurisdictional discovery. Plaintiffs' current demand seeks to resolve a *legal issue* (the enforceability of the forum selection clause in the contract between the parties) as well as personal jurisdiction by means of sweeping fact discovery: as many as 30 interrogatories, 30 requests for admission, 50 requests for production, and at least four depositions. Plaintiffs assert only cursory jurisdictional allegations in their Complaint. They now request a far-reaching fact-finding expedition under the guise of jurisdictional discovery, and seek to expand

9

this preliminary discovery to cover Defendants' forum arguments, which are purely legal. Courts typically do not require discovery before considering a motion to dismiss for *forum non conveniens*, ruling instead on the basis of affidavits. Plaintiffs cannot explain how the extensive discovery they seek would aid the Court's analysis of the forum selection clause. Moreover, Plaintiffs' request for 15 interrogatories per Defendant is 60% of their total limit under the Federal Rules of Civil Procedure for their entire case, which is far beyond what would be required for any defendant in these circumstances.

Despite the unreasonable position taken by Plaintiffs to date, Defendants have agreed to further confer as to scope of limited jurisdictional discovery, but in light of the winter holidays and travel schedules, that process cannot fully take place until the first weeks of January.

## 2. Additional Discovery and Further Case Schedule

The Parties have agreed that discovery, other than limited jurisdictional discovery, shall be stayed during the pendency of Defendants' motion to dismiss. *See* ECF No. 9, at ¶ 4(b). The Parties jointly propose the following schedule for claims pending after resolution of Defendants' motion:

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | 4 months after ruling on Motion to Dismiss Complaint |
| Close of Fact Discovery | 9 months after ruling on Motion to Dismiss Complaint |
| Disclosure of Plaintiffs' Expert Report(s) Related to Class Certification | 30 days after Close of Fact Discovery |
| Deposition of Plaintiffs' Class Certification Expert(s) | Within 30 days of disclosure of Plaintiffs' Expert Report(s) |
| Disclosure of Defendants' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Plaintiffs' Expert Report(s) |
| Deposition of Defendants' Rebuttal Class Certification Expert(s) | Within 30 days of disclosure of Defendants' Rebuttal Class Certification Expert Report(s) |
| Disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Defendants' Rebuttal Class Certification Expert Report(s) |

| | |
|---|---|
| Deposition of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification | Within 30 days of disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification |
| Plaintiffs' Motion for Class Certification | 45 days after Disclosure of Plaintiffs' Rebuttal Expert Report(s) Related to Class Certification |
| Defendants' Opposition to Class Certification | 60 days from date of filing of Motion for Class Certification |
| Plaintiffs' Reply to Opposition to Class Certification | 30 days from date of filing of Opposition |
| Status conference to discuss remaining case schedule, including deadline for completion of all discovery[3] and trial | 3 weeks after the Court's ruling on Plaintiffs' Motion for Class Certification |

### III. Trial

A.  Plaintiffs have requested a jury trial.

B.  The Parties jointly propose to confer regarding estimated trial length upon the Court's resolution of Plaintiffs' motion for class certification.

### V. Settlement, Referrals, and Consent

A.  **Settlement Discussions:** To date, no settlement discussions have taken place.

B.  **Settlement Conference Request:** At this time, the Parties do not request a settlement conference.

C.  **Proceeding Before the Magistrate Judge for All Purposes:** The Parties do not consent to proceed before the Magistrate Judge for all purposes.

### IV. Other

None at this time.

Respectfully submitted,

---

[3] Plaintiffs reserve the right to seek leave from the Court for additional limited discovery following the proposed Fact Discovery Cutoff should the Court's ruling on class certification create the need for limited additional discovery.

11

/s/ *Andrea R. Gold*
Andrea R. Gold
**TYCKO & ZAVAREEI, LLP**
2000 Pennsylvania Avenue, NW
Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com

*On Behalf of Plaintiffs*

/s/ *Matthew L. Kutcher*
Matthew L. Kutcher
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
mkutcher@cooley.com

*On behalf of Defendants*