**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **PHILLIP MCFADDEN AND JOHN P. DEFRANZA, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | **Case No. 1:23-CV-06151** |
| **v.** | Honorable John F. Kness |
| **FENIX INTERNET, LLC AND FENIX INTERNATIONAL LIMITED,** | |
| **Defendants.** | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION TO DISMISS UNDER *FORUM NON CONVENIENS* OR, IN THE ALTERNATIVE, UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

**INTRODUCTION**

The Court should consider as binding the forum selection clause ("FSC") in the 2024 Terms of Service ("2024 TOS") attached to Plaintiffs' Request for Judicial Notice (ECF No. 66) in deciding Defendants' Motion to Dismiss for *forum non conveniens* (ECF No. 22). Defendants purposefully and unilaterally updated the language of their FSC in the intervening time since the Complaint's filing, while their Motion to Dismiss was pending, and prior to oral argument on the Motion. Defendants urge this Court to ignore this relevant contract language even though they never argue that the new TOS are *not* binding on Plaintiffs or putative class members. Defendants appear to have contractor's remorse. The change in the FSC supports Plaintiffs' defenses to the Motion to Dismiss. Specifically, the FSC in the December 2021 Terms of Service ("2021 TOS") read, in relevant part pertinent to U.S. users, "any claim which you have or which we have arising out of or in connection with your agreement with us or your use of OnlyFans (including, in both cases, non-contractual disputes or claims) **must** (emphasis added) be brought in the courts of England and Wales." (ECF No. 1, Doc. 1-1, at 70). Now, the relevant language is "the courts of England and Wales **will have jurisdiction** (emphasis added) over any claim which arises out of or in connection with your agreement with us or your use of OnlyFans (including non-contractual disputes or claims)." (ECF No. 66, Doc. 66-1, at 1265). This change is crucial, as it makes any venue in England or Wales *permissive* not mandatory.

As a matter of black letter contract law, Defendants' unilateral contract modification, and Plaintiffs' acceptance of the same by using of the site after modification, means the retroactively applicable 2024 TOS's FSC is binding as to Plaintiffs and putative class members.

Further, Defendants' argument that the language of the new FSC is mandatory rather than permissive is incorrect. The plain meaning, Seventh Circuit law, and English law all lead to the same conclusion: the 2024 TOS permit but do not require litigation in England. Thus, the currently binding TOS permit Plaintiffs and putative class members to bring suit here.

1

## ARGUMENT

### A. The 2024 FSC is retroactively applicable and supersedes the 2021 FSC.

Under the 2021 TOS OnlyFans is required to provide notice of changes to the TOS by email or through the OnlyFans website, except where otherwise noted in the 2021 TOS. (ECF No. 1, Doc. 1-1, at 59-60). Once any update to the terms of service is effective, it binds users if they "continue to use OnlyFans." *Id.* at 60.

Illinois courts allow parties to agree to authorize one party to modify a contract unilaterally, which is precisely what Defendants did while their Motion was pending. *See Miracle-Pond v. Shutterfly, Inc.*, No. 19 CV 04722, 2020 WL 2513099, at *5 (N.D. Ill. May 15, 2020). And like in *Miracle-Pond*, as Plaintiffs accepted the changed terms by using the service, as Plaintiffs' counsel discussed during the November 4, 2024 hearing, so too is this contractual modification effective. *Id* at * 6 (Ms. Miracle-Pond indicated her acceptance to the modified Terms of Use by continuing to use Shutterfly products). Now, Defendants have contractors' remorse as they do not want to recognize a change in the FSC that is detrimental to their position on their Motion.

Defendants incorrectly argue the FSC in the 2024 TOS does not supersede the FSC in the 2021 TOS. Defendants cite only one case in support of their position, *Hunter Tech. Corp.*, but it compels a different conclusion.[1] In *Hunter Tech. Corp.*, the court analyzed whether a FSC included on an invoice superseded the FSC in the parties' purchase order, which both parties agreed to. The court found it did not because the "[d]efendant accepted the Purchase Order's terms by partial performance, and therefore, formed a binding contract" and the invoice containing the differing FSC was issued four days after defendant's partial performance constituted acceptance and contract formation. *Hunter Tech.*

---

[1] Defendants also cite *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2007 WL 433110 (N.D. Ill. Feb. 5, 2007) elsewhere in their briefing, but that case dealt with deciding which agreement's FSC controlled, not a unilateral modification of a FSC with the modification agreed to by both parties.

*Corp. v. Omega Glob. Techs., Inc.*, 505 F. Supp. 3d 802, 806-7 (N.D. Ill. 2020). There, the parties formed the contract and plaintiff did not accept the revised terms.

Here, Plaintiffs accepted the revised FSC in the 2024 TOS and it has retroactive effect based on its unambiguous plain language. Courts in the Seventh Circuit apply the "four corners" rule of contract interpretation. *Citadel Grp. Ltd. v. Sky Lakes Med. Ctr., Inc.*, No. 06-C-6162, 2008 WL 1924958, at *3 (N.D. Ill. Apr. 30, 2008). If a contract appears capable of only one interpretation, then the language of the contract governs the relationship, and the terms of an unambiguous contract "should be generally enforced as they appear, and those terms will control the rights of the parties." *Id.* (quotation cite omitted). And, if there is any ambiguity, it must be resolved against the drafter of the disputed provision. *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998) (quotation cite omitted).

In *Warwick v. Schneider National, Inc.*, on which the Defendants put misplaced reliance, the court found a forum selection clause stating "any dispute between the parties must be litigated in Green Bay Wisconsin" to be retroactively applicable. *Warwick v. Schneider Nat'l, Inc.*, No. 20 C 1995, 2020 WL 5891407, at * 3 (N.D. Ill. Oct. 5, 2020). "It [the FSC] is not limited to the 2015 Agreement. In fact, the use of "any dispute" implies the opposite of a [temporal] limitation." *Id.* Further, the court found that the "any dispute" language was unambiguous and that "[b]roadly worded phrases like 'any dispute' evince an intent for expansive coverage." *Id.* at *4. Here, the FSC in the 2024 TOS uses almost identical language as the 2015 FSC in *Warwick*, "the courts of England and Wales will have jurisdiction over **any claim which arises out of or in connection with your agreement with us or your use of OnlyFans (including non-contractual disputes or claims)**" (emphasis added). (ECF No. 66, Doc. 66-1, at 1265). Like *Warwick*, there is no temporal limitation to the "any claim" language used in the 2024 TOS, which compels its retroactive applicability. Defendants cannot now claim that their own decision to unilaterally modify the FSC, which the Plaintiffs accepted, does not govern this dispute.

3

**B. The 2024 TOS contains a permissive FSC, permitting Plaintiffs and the putative class to litigate this case in this Court.**

Contrary to Defendants' arguments, Defendants' 2024 TOS does not include a mandatory and exclusive FSC. The natural reading of the clause that English courts "will have jurisdiction" is permissive, not mandatory—its states only that jurisdiction will lie in England but does not require filing there. This is doubly true given that the clause is the result of Defendants' intentional and unilateral removal of *the single word* in its 2021 TOS indicating exclusivity: "must." Both the law of this Circuit and English law confirm this reading.

In the Seventh Circuit, "where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Muzumdar v. Wellness Int'l Network, Ltd.,* 438 F.3d 759, 762 (7th Cir. 2006). Here, there is none— Defendants have removed it—and the clause is therefore permissive, not mandatory. *See Soul Circus, Inc. v. Burger King Corp.*, No. 06 C 759, 2006 WL 1430555, at *3 (N.D. Ill. 2006) (FSC not exclusive where "clause merely indicates that one venue **will have jurisdiction**") (emphasis added).

Under English law, the result is the same. As far as there is any ambiguity in whether the clause *mandates* an English forum (there is not), the Consumer Rights Act of 2015 requires the ambiguity be read *in the consumer's favor*—in this case, against Defendants and against mandating an English forum. Section 69(1) of the CRA 2015; *see* Kirk Decl. ¶ 48(a) (ECF No. 41, at Pgs. 57-58) (discussing same). Even between sophisticated businesses, courts have interpreted FSCs as non-exclusive when, like here, they do not explicitly indicate exclusivity. *See, e.g., Cannon Screen Entertainment Ltd. v. Handmade Films (Distributors) Ltd.* (July 11, 1989 QBD unreported)[2] (clause stating that "the parties hereby consent and submit to the jurisdiction of the Courts of England" not mandatory); *Sabah Shipyard (Pakistan) Ltd. v The Islamic Republic of Pakistan & Anr* [2002] EWCA Civ 1643. [2003] 2 Lloyd's Rep. 571 (clause stating

---

[2] The foreign cases cited herein are appended hereto in an Appendix of Foreign Law.

"[e]ach party hereby consents to the jurisdiction of the Courts of England" not mandatory).

Defendants' reliance on *Sinochem International Oil (London) Co. Ltd. v. Mobil Sales and Supply Corp Ltd.* is misplaced. *Sinochem* was a commercial dispute over oil and gas between sophisticated parties with a longstanding business relationship, and therefore the policy reasons articulated by the court to have a single forum for commercial disputes do not apply here—particularly since the 2024 TOS explicitly allow suit in Delaware under some circumstances. [2000] 1 All ER (Comm) 758.; 2024 TOS § 23(a) (ECF No. 66, Doc. 66-1, at 1265) (DE courts have jurisdiction over claims against Fenix Internet alone). Moreover, the clause at issue in *Sinochem* included additional language indicating exclusivity including that the parties "hereto irrevocably agree" that Hong Kong courts "are to have jurisdiction to settle any disputes which may arise" and mutually "submit to the jurisdiction" of those courts. *Sinochem* ¶¶ 8, 33. There is no further indication of exclusivity here; thus, *Sinochem* is inapposite.

### C. As a matter of judicial efficiency, the Court should take judicial notice of the FSC in the 2024 TOS.

Turning a blind eye to the 2024 FSC would be a waste of judicial resources and prejudicial to Plaintiffs and the putative class (but not Defendants). Ignoring the currently binding 2024 TOS will force an OnlyFans Fan—and likely absent class member—to file another complaint invoking the current FSC, which would likely be related to this case. This will necessitate additional time, likely motion practice, and Court and party resources, and federal courts decline to enforce forum selection clauses where doing so would result in piecemeal litigation. *ABC Medical Holdings, Inc. v. Home Medical Supplies, Inc.*, No. 15-2457, 2015 WL 5818521, at *9 (E.D. Pa. Oct. 6, 2015). Undertaking such time and cost is counterintuitive given Defendants chose to unilaterally modify its FSC when they knew that their Motion was pending, and Plaintiffs accepted that change.

### CONCLUSION

The Court should apply the FSC in the 2024 TOS to the *forum non conveniens* analysis and deny the Defendants' Motion to Dismiss.

5

Dated: November 25, 2024                Respectfully submitted,

*/s/ Andrea R. Gold*
Andrea R. Gold
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW
Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com

Keith T. Vernon*
**TIMONEY KNOX, LLP**
1717 K Street, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

*Counsel for Plaintiffs Phillip McFadden and John P. DeFranza*

*Admitted *Pro Hac Vice*

6