IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP MCFADDEN and JOHN P. DEFRANZA, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>FENIX INTERNET, LLC AND FENIX INTERNATIONAL LIMITED,<br><br>     Defendants. | Case No. 1:23-CV-06151<br><br>Hon. John F. Kness |
| M. BRUNNER and J. FRY, Individually and on Behalf of All Others Similarly Situated,<br>     Plaintiffs,<br><br>vs.<br><br>Fenix Internet, LLC<br>2598 E. Sunrise Blvd, Suite 2104<br>Fort Lauderdale, FL 33304<br><br>and<br><br>Fenix International Limited<br>Ninth Floor 107 Cheapside,<br>London, United Kingdom,<br>EC2V 6DN<br><br>     Defendants. | Case No. 1:25-cv-3244<br><br>Hon. Jeffrey I. Cummings |

**PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF A FINDING OF RELATEDNESS AND FOR REASSIGNMENT**

**I.     INTRODUCTION**

Pursuant to N.D. Ill. L.R. 40.4(c), Plaintiffs in the above captioned actions respectfully request the Court transfer and reassign the action *M. Brunner, et al. v. Fenix Internet, LLC, et al.*, 1:25-cv-3244[1] ("*Brunner*"), which is currently assigned to Judge Jeffrey I. Cummings, to Judge John F. Kness, who is presiding over the first-filed action, *McFadden, et al. v. Fenix Internet, LLC et al.*, 1:23-CV-06151 ("*McFadden*").

By way of background, Plaintiffs in *McFadden* filed their complaint on August 25, 2023 against Fenix Internet, LLC and Fenix International Limited ("Defendants"). *Brunner* is currently the only action related to *McFadden* in this district. Both *Brunner* and *McFadden* allege that Defendants, who run and process payments for the website www.OnlyFans.com ("OnlyFans"), facilitate and profit from a scheme where OnlyFans' users are misled into believing that they are paying for authentic interactions with a chosen Creator while instead a third-party is interacting with the user instead of the Creator. *Brunner* and *McFadden* arise from the same operative facts, and accordingly, Plaintiffs respectfully ask the Court to find the two actions related and grant Plaintiffs' Motion for Reassignment. A proposed order is submitted for the Court's consideration.

Counsel for Plaintiffs in *McFadden*, which are the same counsel for Plaintiffs in *Brunner*, have conferred and agree that the actions are "related" under Local Rule 40.4(a); and satisfy the criteria for reassignment under Local Rule 40.4(b), and therefore should be found "related" and be reassigned to the Honorable John F. Kness. Counsel for Plaintiffs met and conferred with counsel for Defendants via e-mail, and Defendants agreed that they would not oppose this motion. Counsel

---

[1] The Complaint in *Brunner* (the higher-numbered action) is attached as **Exhibit 1**.

for Plaintiffs and for Defendants in *McFadden* and *Brunner* are the same.

## II. LEGAL STANDARD

N.D. Ill. L.R. 40.4(a) allows two or more cases to be related if "one or more of the following conditions" are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

In turn, N.D. Ill. L.R. 40.4(b) allows a case to be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge provided the following criteria are met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

## III. ARGUMENT

*Brunner* may be related to *McFadden* and reassigned—and such relation and reassignment is appropriate—because *Brunner* meets one or more of the conditions of N.D. Ill. L.R. 40.4(a) to find it related to *McFadden* and all conditions for reassignment under 40.4(b) are met.

### a. *Brunner* is "Related" to *McFadden* Pursuant to N.D. Ill. L.R. 40.4(a).

Cases are "related" under Local Rule 40.4(a) if they "involve the same property"; "involve some of the same issues of fact or law;" "grow out of the same transaction[s] or occurrence[s];" or "in class action suits, one or more of the classes on the cases is or are the same." "Local Rule 40.4(a) 'does not require complete identity of issues in order for cases to be considered related,' rather it is enough that the cases 'involve some of the same issues of fact or law[.]'" *Gautreaux v.*

*Chicago Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *2 (N.D. Ill. Oct. 9, 2013) (quoting *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 5893, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (Kennelly, J.)).

*Brunner* meets this standard as it fulfills more than one of the conditions for a finding of relatedness under 40.4(a).

First, *McFadden* and *Brunner* involve some of the same issues of fact or law. Both actions arise from Defendants' same practice: facilitation of a scheme where OnlyFans' users are misled into believing that they are paying for authentic interactions with a chosen Creator while instead a third-party is interacting with the user instead of the Creator. Also, the complaints in *Brunner* and *McFadden* allege many of the same causes of action as both allege breach of contract and breach of the covenant of good faith and fair dealing, unjust enrichment, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and fraud. Given the foregoing, both actions involve some of the same issues of fact or law.

Second, the Fed. R. C. P. 23(b)(3) damages classes in *McFadden* and *Brunner* are the same as well as the Illinois subclasses. Both actions seek damages for U.S. OnlyFans account holders (for the Illinois subclasses, Illinois residents) who paid OnlyFans for one or more of the following where the Creator engaged a third party to communicate with the account holder: (a) a subscription fee for the Creator-account, (b) a fee or payment to view the Creator's PPV content, (c) a fee or payment to send or receive a direct message to or from the Creator-account, or (d) a monetary tip to the Creator-account.

    **b.    The Related Case Meets the Conditions for Reassignment under N.D. Ill. L.R. 40.4(b).**

As *Brunner* and *McFadden* meet the conditions for relation, *Brunner* can and should be reassigned to Judge Kness pursuant to L.R. 40.4(b) as *Brunner* meets the conditions for

4

reassignment under L.R. 40.4(b).

*First*, *Brunner* and *McFadden* were both filed and are pending in the United States District Court for the Northern District of Illinois.

*Second*, reassignment will streamline both actions, which promotes judicial economy and efficiency. Allowing these cases to proceed individually would strain judicial resources as both actions involve the same defendants, the same underlying conduct complained of, and would involve overlapping discovery. This is true despite minor variations in class definitions and specific causes of action in *McFadden* and *Brunner*. And this Court has already invested substantial time and effort in understanding Plaintiffs' complaint in *McFadden*, disputed issues related to Defendants' Terms of Service, and "is already well-versed in the relationship between the parties" and another would be required to "invest similar time and effort" to understand the same issues, which will be present in *Brunner*. *See Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-CV-6109, 2019 WL 2515984, at * 3 (N.D. Ill. June 18, 2019) (finding L.R. 40.4(b)(2) was satisfied when the court had already invested time and resources into understand the program at issue and the parties). Thus, reassignment would add efficiency and consistency in judicial rulings between the two actions and reduce delay and cost.

*Third*, reassignment would not substantially delay proceedings in either of the actions. Both cases are in their early stages. Currently, the Defendants' motion to dismiss is pending in *McFadden* with oral argument on foreign law scheduled for May 21, 2025. And in *Brunner*, Plaintiffs just filed their complaint on March 26, 2025, and Judge Cummings has noticed only the initial status hearing. As both cases are still in the pleadings stage, and only limited discovery has been conducted in *McFadden* related to Defendants' motion to dismiss, neither case would be substantially delayed by the reassignment. *See Murry v. Am.'s Mortg. Banc, Inc.*, No. 03 C 5811,

2004 WL 407010, at *3 (N.D. Ill. Mar. 1, 2004) (finding L.R. 40.4(b)(3) was satisfied when the cases were in the "preliminary stages" and discovery had just begun); *Urb. 8 Fox Lake Corp.*, 2019 WL 2515984, at * 4 (finding L.R. 40.4(b)(3) was satisfied when parties engaged in only limited discovery, have not taken depositions, or engaged in expert discovery).

**Fourth**, *McFadden* and *Brunner* are susceptible of disposition in a single proceeding and this factor is satisfied "when issues of both law and fact are the same in both cases." *Pactiv Corp. v. Multisorb Tech., Inc.*, No. 10 C 461, 2011 WL 686813, *5 (N.D. Ill. Feb. 15, 2011). Both cases present overlapping factual and legal questions, involve the same defendants, and involve the same underlying conduct. Moreover, the remedies collectively sought include damages related to economic losses alleged to be caused by Defendants' breach of contract and violations of Illinois consumer protections laws, among other remedies. As the above makes clear, reassignment would add efficiency and consistency to judicial rulings making *McFadden* and *Brunner* susceptible of deposition in a single proceeding.

## IV. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court enter an order reassigning *M. Brunner, et al. v. Fenix Internet, LLC, et al.*, 1:25-cv-3244 to Judge John F. Kness, who is presiding over the first-filed action, *McFadden, et al. v. Fenix Internet, LLC et al.*, 1:23-CV-06151 ("*McFadden*").

Dated: April 10, 2025          Respectfully submitted,

                             */s/ Andrea R. Gold*
                             Andrea R. Gold (#6282969)
                             Shana Khader (#5015995)
                             David A. McGee*
                             **TYCKO & ZAVAREEI, LLP**
                             2000 Pennsylvania Avenue, NW
                             Suite 1010

Washington, DC 20006
Phone: (202) 973-0900
Facsimile: (202) 973-0950
Email: agold@tzlegal.com
Email: skhader@tzlegal.com
Email: dmcgee@tzlegal.com

Keith T. Vernon*
**TIMONEY KNOX, LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: kvernon@timoneyknox.com

Andrew W. Knox*
**TIMONEY KNOX, LLP**
400 Maryland Drive
Fort Washington, PA 19034
Phone: (215) 646-6000
Facsimile: (215) 591-8246
Email: aknox@timoneyknox.com

Troy M. Frederick*
Beth A. Frederick*
**FREDERICK LAW GROUP PLLC**
836 Philadelphia Street
Indiana, Pennsylvania 15701
Phone: (724) 801-8555
Fax: (724) 801-8358
Email: TMF@FrederickLG.com
Email: BAF@FrederickLG.com

David M. Ferris*
Brian R. Charville*
**FERRIS & CHARVILLE, LLC**
118 Turnpike Road, Suite 300
Southborough, MA 01772
Phone: (508) 281-5600
Facsimile: (508) 229-0356
Email: david@ferrisdevelopment.com
Email: bcharville@ferrisdevelopment.com

7

Jonathan Shub*
**SHUB JOHNS & HOLBROOK ,LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA  19428
Phone: (610) 477-8380
Email: jshub@shublawyers.com

Robert B. Carey*
Leonard W. Aragon*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Email:  rob@hbsslaw.com
           leonarda@hbsslaw.com

*Counsel for Plaintiffs M. Brunner, J. Fry, and the Putative Class*

* *Pro Hac Vice Admission
   Applications Forthcoming*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrea R. Gold*
Andrea R. Gold