IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP MCFADDEN AND JOHN DEFRANZA, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FENIX INTERNET and FENIX INTERNATIONAL LIMITED,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-06151 |

**DEFENDANTS' UNOPPOSED MOTION FOR STATUS HEARING**

Defendants[1] respectfully request a telephonic status hearing regarding the upcoming May 21, 2025 hearing. ECF No. 83. Following the December 12, 2024 status hearing, the Court set the May 21 hearing to "ask the parties' respective English law experts to appear and either provide testimony or speak to the Court" pursuant to Fed. R. Civ. P. 44.1, and as part of the Court's consideration of Defendants' motion to dismiss pursuant to *forum non conveniens*. 12/12/24 Hrg. Tr. at 6:14-18. The Court advised that it would "prefer that it be in the form of testimony." Following the hearing, the Court issued a minute order advising that "a substantive order expanding on the reasoning" for the Court's decision to set a hearing "concerning the validity of the forum selection clause" under English law "will be issued separately." ECF No. 80.

In order to efficiently and expeditiously prepare for and respond to the Court's questions regarding English law, Defendants respectfully request a status hearing to clarify the format of the May 21 hearing and to seek the Court's direction as to several issues, including (1) whether the

---

[1] On May 5, 2025, Plaintiffs' counsel indicated via email that they do not oppose Defendants' request.

1

Court intends to hear both direct and cross examination; (2) time allocations for such testimony; (3) whether the Court would like further argument on the *forum non conveniens* issue or any other issue presented by Defendants' motion to dismiss; (4) whether the Court would like any other case materials, including the full transcripts of the depositions of the parties' respective English law experts; (5) whether the Court intends to hear argument or expert testimony as to the 2024 terms of service, which is subject to a dispute between the parties,[2] and (6) the technology platform that will be used for the experts' remote testimony.

      WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court set a status hearing to discuss the above questions regarding the May 21, 2025 hearing.

Dated: May 5, 2025

Respectfully submitted,

By: */s/ Matthew L. Kutcher*

Matthew L. Kutcher (#6275320)
Jamie D. Robertson (#6345890)
Mariah A. Young (#6339861)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Tel.: (312) 881-6500
mkutcher@cooley.com
jdrobertson@cooley.com
mayoung@cooley.com

Michelle Doolin (*pro hac vice*) (CA 179445)
**COOLEY LLP**
10265 Science Center Drive
San Diego, CA 92121
Tel.: (858) 550-6000
mdoolin@cooley.com

Kyle C. Wong (*pro hac vice*) (CA 224021)
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

---

[2] *See* ECF No. 66; ECF No. 75; *see also* 12/12/24 Hrg. Tr. 5:10-11 (THE COURT: " . . . My tentative conclusion - - and you'll see this in the order - - is that the 2021 terms of service apply").

Tel.: (415) 693-2000
kwong@cooley.com

3